IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| Michael Gregg-Wilson, | ) | C/A No.: 3:11-1171-MBS-SVH |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | |
| Time Warner Cable Inc., Time Warner Cable, Columbia, SC Division, Jason Gerrish, Robert Dow, Jeff Edgell, Danny Hughes, Melissa Gary, and David Sykes, | ) | REPORT AND RECOMMENDATION |
| Defendants. | ) | |

In this employment discrimination case, *pro se* plaintiff Michael Gregg-Wilson ("Plaintiff") sues his alleged former employer Time Warner Cable Inc. ("Time Warner"); Time Warner Cable, Columbia, SC Division; and individual defendants Jason Gerrish, Robert Dow, Jeff Edgell, Danny Hughes, Melissa Gary, and David Sykes (collectively "Defendants"). Plaintiff alleges a single claim of "Conspiracy to Deprive of Federal Constitutional Rights/Conspiracy in the Violation of Due Process and Equal Protection of the Law."

This matter comes before the court on Defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) filed on November 22, 2011. [Entry #18]. On November 23, 2011, the court issued an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), notifying Plaintiff of the summary dismissal procedure and possible consequences if he failed to adequately respond to the motion to dismiss. [Entry #20]. Plaintiff filed a response to the motion on December 27, 2011 [Entry #22], and Defendants filed a reply

on January 13, 2012.  [Entry #26].  This motion to dismiss having been fully briefed, it is ripe for disposition.

Also pending before the court is Plaintiff's motion to amend the complaint filed on December 27, 2011, in conjunction with his response to Defendants' motion to dismiss. [Entry #22].  Defendants filed a response to the motion on January 13, 2012 [Entry #26], and Plaintiff's deadline for filing a reply has passed.  This motion to amend having been fully briefed, it is likewise ripe for disposition.

All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.). Because the motion to dismiss is dispositive, this report and recommendation is entered for the district judge's consideration.  For the reasons that follow, the undersigned recommends the district court grant Defendants' motion to dismiss and deny Plaintiff's motion to amend as futile.

I.  Factual and Procedural Background

Plaintiff claims he began working for Time Warner in September 2009.  [Entry #1 at ¶ 15].  After being hired, Plaintiff allegedly began a three-month Broadband training course led by defendant Robert Dow.  *Id.* at ¶ 22.  Plaintiff contends Mr. Dow initiated a campaign to discredit, demoralize, humiliate, intimidate, and bring about Plaintiff's termination primarily "on the basis that his color of skin, intellect, experience, professional and academic training stood in stark contrast to [Mr. Dow's] ideals of white conservative superiority."  *Id.* at ¶ 24.  Following completion of the training program, Plaintiff stated he was assigned to the Monticello Hub where he was managed by William

Smiley and defendant Jeff Edgell. Plaintiff claims he was given the "more difficult or risky assignments" and that the number of jobs assigned to him began to increase, making it impractical for him to "don his protective suit." *Id.* at ¶¶ 29, 30.

Plaintiff alleges that in March (presumably of 2010), he developed blisters that were ultimately diagnosed as a massive Methicillin-resistant Staphylococcus aureus infection ("MRSA"). *Id.* at ¶ 30. He contends the MRSA infection was picked up through work-related activities. *Id.* at ¶ 32. Plaintiff allegedly underwent two surgeries related to his MRSA infection and returned to work after four days because he was not yet eligible for short-term disability. *Id.* at ¶ 31. Plaintiff claims he continued to receive the "difficult or risky jobs" even after this allegedly life-threatening episode. *Id.* at ¶ 32.

Plaintiff claims he subsequently was put on medication for high blood pressure, which increased the frequency and urgency to urinate. *Id.* at ¶ 35. He contends Time Warner does not adhere to the Fair Labor Standards Act ("FLSA") "when it comes to field installers and service tech[s]" and notes company policy prohibits employees from using the latrines of any nonpublic establishment, customer, or client. *Id.*

Plaintiff contends that during treatment for his MRSA infection, it was discovered that his blood platelet count was abnormally low and dropping. *Id.* at ¶ 36. He theorized that his low platelet count could be caused by environmental or biological antigens, carcinogens, inhalents, or toxins he might have been exposed to on the job. *Id.* In May/June 2010, Plaintiff allegedly sought and received reassignment to the business-class installers group headed by defendant Jason Gerrish. *Id.* at ¶ 37.

Plaintiff claims his relationship with Mr. Gerrish went steadily south. *Id.* at ¶ 41. He alleges he could "do no right" and that "minor infractions were blown way out of proportion." *Id.* Following meetings with Mr. Gerrish and Mr. Smiley on March 9 and 11, 2011, Plaintiff's blood pressure was allegedly alarmingly high and he felt that it was possible that he could be headed towards a stroke. *Id.* at ¶¶ 42–43.

Plaintiff claims he did not return to work until April 13, 2011, at which time he was transferred to the Wade Hub under the supervision of defendant Danny Hughes. *Id.* at ¶¶ 44–45. He alleges he began expressing concerns regarding assignments being "time conflict scheduled" and "was retaliated against by being labeled a trouble maker, denied favorable customers appraisals, merit promotions, or class assignments leading to higher pay." *Id.* at ¶ 46.

On April 20, 2011, Plaintiff contends he sent an e-mail to Mr. Hughes's supervisor, Andres Perez, complaining of Mr. Hughes and requesting a meeting. *Id.* at ¶ 49. Mr. Perez set up a meeting with defendant David Sykes, Director of Technical Operations. *Id.* at ¶ 50. Plaintiff alleges that during the meeting, various issues were discussed and Mr. Sykes "contradicted a number of Standard Operating Procedures such as FLSA, DOT rules of use of phones and laptops while driving, and equipment and acquisition repairs." *Id.* Plaintiff claims to have left the meeting with the impression that he had a much larger and brighter target on his back. *Id.*

Plaintiff states he met with defendant Melissa Gary, Manager of Human Resources of the Columbia division, on April 27, 2011. *Id.* at ¶¶ 48, 51. During the meeting, "Ms. Gary may or may not have feigned ignorance in stating that she could not understand

how Plaintiff was be[ing] discriminated against or how it was that he was using Short Term Disability." *Id.* at ¶ 51. Plaintiff claims to have met with Ms. Gary and Mr. Sykes again on April 28, 2011. During the meeting, the two defendants allegedly told Plaintiff he was not discriminated against and tried to "intimidate, enrage or breakdown Plaintiff." *Id.* at ¶¶ 52–53.

Following the meeting on April 28, 2011, Plaintiff claims to have returned to work. *Id.* at ¶ 55. At the second job that afternoon, Plaintiff contends Mr. Hughes refused to allow Plaintiff to take a break and ordered him into the crawl space where he encountered a dead rat. *Id.* at ¶¶ 56–57. Mr. Hughes allegedly ultimately relented and ordered Plaintiff to go to lunch, but continued "making senseless comments" to Plaintiff. *Id.* at ¶ 58. "At this point severe disorientation and memory loss were affecting plaintiff and he was angered even further when he thought that his decision to hang-in and not leave regardless of the consequences might cost him his life, mobility or severe brain impairment." *Id.* It is unclear from the complaint whether Plaintiff thereafter resigned from his employment with Time Warner.

Plaintiff filed the complaint in this action on May 16, 2011. He seeks $120,000,000 in damages, as well as declaratory, injunctive, and other equitable relief "to enjoin and restrain the deprivation, under Color of State authority/law, of plaintiffs rights, privileges, and immunities guaranteed by the Constitution and laws of the United States." *Id.* at ¶¶ 11, 71.

On June 10, 2011, the court issued an order requiring Plaintiff to complete a summons form for the individual defendants before the court would issue process for

5

service. [Entry #6]. Plaintiff did not fully comply with the July 5, 2011 deadline set forth in the June 10, 2011 order. The court issued another order, nearly identical to the first, on July 25, 2011, requiring Plaintiff to submit a summons form for defendant Hughes. [Entry #11].

On September 6, 2011, the court issued an order authorizing service of process by the Clerk of Court and directing Plaintiff to serve the summons and complaint on each defendant in accordance with Fed. R. Civ. P. 4. [Entry #15].

Time Warner received two copies of the summons and complaint via certified mail on November 2, 2011. [Entry #18 at 2]. The individual defendants were personally served on November 9, 2011. *Id.*

II.   Discussion

   A.   Standard of Review

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court is "not required to accept as true the legal conclusions set forth in a plaintiff's complaint." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). Indeed, "[t]he presence of a few conclusory legal terms does not insulate a complaint from dismissal under Rule 12(b)(6) when the facts alleged in the complaint cannot support the legal conclusion." *Young v. City of Mount Ranier*, 238 F.3d 567, 577 (4th Cir. 2001).

B. Analysis

1. Defendants' Motion to Dismiss

Defendants contend Plaintiff's complaint must be dismissed for (1) failure to serve the complaint within 120 days after filing as required by Fed. R. Civ. P. 4(m), and (2) failure to state a claim upon which relief can be granted. [Entry #18 at 3–5].

As an initial matter, defendants argue that Time Warner Cable Columbia SC Division ("Division") is not a legal entity and, thus, is not a proper party. *Id.* at 3–4. Plaintiff concedes this point and states that all claims against the Division must be dismissed as a matter of law. [Entry #22 at 5]. In light of Plaintiff's concession, the undersigned recommends dismissing the Division.

a. Timeliness of Service

Defendants argue Plaintiff did not serve his complaint within the 120-day deadline mandated by Fed. R. Civ. P. 4(m) and that his complaint must consequently be dismissed as to all defendants. [Entry #18 at 3]. Defendants note the summonses were not served until 170 days after the complaint was filed. *Id.* Plaintiff does not dispute the dates of service, but states that the summonses were not issued until September 9, 2011 and the defendants were all served within 61 days after issuance of the summonses. [Entry #22 at 4].

The Federal Rules of Civil Procedure require that a defendant be served within 120 days after the complaint is filed. Fed. R. Civ. P. 4(m). If a defendant is not served within the 120-day period then, generally, "the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant

or order that service be made within a specified time." *Id.* If the plaintiff can show "good cause" for failure to timely serve a defendant, then "the court must extend the time for service for an appropriate period. *Id.* Even if the plaintiff cannot show good cause, the court may, in its discretion, grant an extension of time if it deems such an extension to be warranted. *See, e.g., Panaras v. Liquid Carbonic Indus. Corp.*, 94 F.3d 338, 340–41 (7th Cir. 1996); *Espinoza v. United States,* 52 F.3d 838, 840–41 (10th Cir. 1995).[1]

The complaint in this case was filed on May 16, 2011. Pursuant to Rule 4(m), the summons and complaint were to be served by September 13, 2011. However, the summonses did not issue until September 9, 2011—just four days before the expiration of the 120-day deadline. Because the issuance of the summonses was delayed in part by the

---

[1] There is a Fourth Circuit case that interprets Rule 4(m) as mandating a showing of "good cause" before an extension can be granted. That decision, *Mendez v. Elliot*, 45 F.3d 75 (4th Cir. 1995), was based on the court's finding that the 1993 amendments to the Federal Rules of Civil Procedure worked no substantive change on Rule 4(m). *See id.* at 78. After *Mendez* was decided, however, the Supreme Court issued its opinion in *Henderson v. United States*, 517 U.S. 654 (1996), in which it found that, following the "1993 amendments to the Rules, courts have been accorded discretion to enlarge the 120-day period, 'even if there is no good cause shown.'" *Id.* at 662–63 (quoting Advisory Committee's Notes on Fed. R. Civ. P. 4, 28 U.S.C. App. at 654). *Mendez* stands alone among the circuits in its holding that the amendments to the rule did not give the district courts the power to authorize permissive extensions in the absence of good cause. *See Hammad v. Tate Access Floors, Inc.*, 31 F. Supp. 2d 524, 526 (D. Md. 1999) (listing cases). Furthermore, since *Henderson* was decided, the Fourth Circuit has issued several unpublished decisions that have endorsed permissive extensions. *See, e.g., Hansan v. Fairfax Cnty. Sch. Bd.*, No. 10-1218, 2010 WL 5237865, at *1 (4th Cir. Dec. 21, 2010) (stating that in the absence of a showing of good cause "the district court has discretion to extend the period if the plaintiff can show excusable neglect for his failure to serve"); *Giacomo-Tano v. Levine*, No. 98-2060, 1999 WL 976481, at *1 (4th Cir. Oct. 27, 1999) ("Even if a plaintiff does not establish good cause, the district court may in its discretion grant an extension of time for service."). For these reasons, the undersigned agrees with this court's prior holding that, following *Henderson*, *Mendez* is no longer authoritative on this issue. *See, e.g., Perri-Clair v. Ace Partnership of Charleston SC*, No. 2:09-1584-MBS, 2011 WL 765671, at *1 (D.S.C. Feb. 23, 2011).

court's procedures to bring the case into proper form, the undersigned recommends finding that Plaintiff's delay in serving defendants was not unreasonable given the circumstances and denying Defendants' motion to dismiss on this basis. *See, e.g., Snyder v. Roberts*, No. 0:04-22910-CMC, 2006 WL 22181, at *5 (D.S.C. Jan. 4 2006).

          b.      Sufficiency of Pleading

Plaintiff's complaint states a single cause of action entitled "Conspiracy to Deprive of Federal Constitutional Rights/Conspiracy in the Violation of Due Process and Equal Protection of the Law." [Entry #1 at 23]. Defendants argue Plaintiff's complaint failed to allege the requisite state action sufficient to state a claim for a violation of constitutional rights. [Entry #18 at 4]. In his response brief, Plaintiff contends his complaint is both explicit and implicit in its 42 U.S.C. §§ 1981, 1983, and 1985(3), 1st Amendment, 14th Amendment, constitutional, and civil rights causes of action. [Entry #22 at 5]. Defendants argue in reply that Plaintiff's fleeting references to a multitude of federal statutes and administrative agencies are "naked assertions" that do not satisfy the "facial plausibility" requirement necessary to withstand a motion under the *Iqbal*/*Twombly* standard. [Entry #26 at 3].

Plaintiff's complaint states that jurisdiction in this case is "founded up the deprivations, under Color of State authority/law, of plaintiffs rights[,] privileges and immunities" under the Constitution and various statutes and administrative agencies. [Entry #1 at ¶ 9]. Plaintiff's stated cause of action is an alleged conspiracy to deprive him of his constitutional rights. *Id.* at 23.

9

Read liberally, Plaintiff's complaint attempts to assert a claim under 42 U.S.C. § 1983, which provides a private cause of action for constitutional violations by persons acting under color of state law. Section 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n. 3 (1979)).

To establish a claim under § 1983, a plaintiff must prove two elements: (1) that the defendant "deprived [the plaintiff] of a right secured by the Constitution and laws of the United States;" and (2) that the defendant "deprived [the plaintiff] of this constitutional right under color of [State] statute, ordinance, regulation, custom, or usage." *Mentavlos v. Anderson*, 249 F.3d 301, 310 (4th Cir. 2001) (third alteration in original) (citation and internal quotation marks omitted).

The under-color-of-state-law element, which is equivalent to the "state action" requirement under the Fourteenth Amendment,

> reflects judicial recognition of the fact that most rights secured by the Constitution are protected only against infringement by governments. This fundamental limitation on the scope of constitutional guarantees preserves an area of individual freedom by limiting the reach of federal law and avoids imposing on the State, its agencies or officials, responsibility for conduct for which they cannot fairly be blamed.

*Id.* (quoting *Dowe v. Total Action Against Poverty in Roanoke Valley,* 145 F.3d 653, 658 (4th Cir. 1998)) (internal citations and quotation marks omitted).

Purely private conduct, no matter how wrongful or discriminatory, generally is not actionable under § 1983 and the United States Constitution. *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936 (1983); *see also Blum v. Yaretsky*, 457 U.S. 991, 1002 (1982)

("T[he] [Fourteenth] Amendment erects no shield against merely private conduct, however discriminatory or wrongful." (internal citations and quotations omitted)). The fact that a private entity is funded or regulated by the state does not convert its actions to those of the state. *See Dowe*, 145 F.3d at 658–59.

Time Warner is a private company. [Entry #1 at ¶ 2]. Other than cursory conclusions that defendants are state actors, Plaintiff has made no substantive allegations sufficient to demonstrate that Time Warner or its employees were acting under color of state law. For that reason, Plaintiff's claim that defendants deprived him of his constitutional rights fails as a matter of law.

With regard to the alleged additional causes of action referenced by Plaintiff in his response brief, the undersigned finds the purported claims are not sufficiently pled. Plaintiff made no attempt to set forth allegations in support of the purported claims. His passing references to federal statutes and administrative agencies do not rise to the level of sufficiency required under *Iqbal*/*Twombly*.

For the foregoing reasons, the undersigned recommends Defendants' motion to dismiss be granted.

    2.    Plaintiff's Motion to Amend the Complaint

Plaintiff moved to amend his complaint on December 27, 2011, following Defendants' filing of their motion to dismiss. Plaintiff has not provided a proposed amended pleading. He seeks only to add the eight parties he identifies in footnote 1 of his motion because of their allegedly "nefarious Civil, Constitutional and possibly criminal, direction violations and actions" in support or furtherance of the actions taken

by the originally-named defendants. [Entry #22 at 1–2, n.1]. Plaintiff also concedes that his employer was Time Warner Entertainment-Advance/Newhouse Partnership and seeks to dismiss defendants Time Warner Cable Inc. and Time Warner Cable, Columbia, SC Division. *Id.* at 1. Defendants argue Plaintiff's motion should be denied as futile. [Entry #26 at 4–5].

"[L]eave [to amend] shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). "A motion to amend should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *HCMF Corp. v. Allen*, 238 F.3d 273, 276 (4th Cir. 2001) (internal quotation marks omitted); *see also Gordon v. Leeke*, 574 F.2d 1147, 1152–53 (4th Cir. 1978) (a *pro se* litigant is entitled to the opportunity to amend his pleadings if he has alleged a potentially meritorious cause of action).

Liberally construing Plaintiff's motion to amend his complaint, the court finds that granting Plaintiff's motion to amend would be futile. Plaintiff has not asserted any factual allegations against the proposed new defendants, nor has he asserted any supplementary allegations in support of his additional claims. Furthermore, Plaintiff has not submitted a proposed amended complaint for the court's consideration. Consequently, the undersigned recommends denying Plaintiff's motion to amend the complaint as futile.

III.  Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends Defendants' motion to dismiss [Entry #18] be granted and Plaintiff's complaint be dismissed in its entirety.  The undersigned further recommends that Plaintiff's motion to amend [Entry #22] be denied.

IT IS SO RECOMMENDED.

*[signature: Shiva V. Hodges]*

May 2, 2012  
Columbia, South Carolina

Shiva V. Hodges  
United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).